**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| GERALD COLEY, | : | |
| Debtor(s). | : | Bky. No. 09-14999ELF |

# M E M O R A N D U M

## I. INTRODUCTION

Presently before the court is the Motion to Avoid the Judicial Lien of GMAC ("the Motion") filed by Gerald Coley ("the Debtor"). The Debtor seeks to avoid the judicial lien except to the extent of $11,605.66. GMAC, Inc. ("GMAC") opposes the Motion. While GMAC agrees that the lien may be avoided in part, GMAC asserts that its lien is non-avoidable to the extent of $51,379.25.

Also before the court is GMAC's Objection to the Debtor's Claim of Exemptions ("the Objection").

For the reasons set forth below, the Objection will be overruled and the Motion will be granted.

## II. PROCEDURAL HISTORY

The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on July 8, 2009. In his bankruptcy schedules, he disclosed ownership of residential real property located at 158 Applegate Drive in West Chester, Pennsylvania ("the Property"). He owns the Property jointly with his spouse as tenants by the entireties. The Property is encumbered by unpaid real

-1-

estate taxes, two mortgages and a judgment lien. The judgment lien is held by GMAC.

In his Schedule C, the Debtor elected the federal bankruptcy exemptions under 11 U.S.C. §522(b)(2) and (d).[1] In Schedule C, the Debtor claimed an exemption of $1,901.14 of his interest in the Property. (Doc. # 1). The statutory basis for the claimed exemption is 11 U.S.C. §522(d)(1). The terms of §522(d)(1) in effect when this bankruptcy case was filed, and which remain applicable in this case, permit the Debtor to exempt his "aggregate interest, not to exceed $20,200 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence."[2]

A hearing on the Motion was held on February 17, 2010, at which time the parties agreed to file a Stipulation of Facts and memoranda of law in support of their respective positions. On March 16, 2010, the Debtor filed the parties' Joint Stipulation of Facts and his Memorandum of Law.[3] (See Doc. # 42-2). On the same day, the Debtor filed an Amended Schedule C. (See Doc. # 41). In his Amended Schedule C, the Debtor increased his claimed exemption with respect to

---

[1]    11 U.S.C. §522(b)(1) provides that a debtor may exempt from the bankruptcy estate, the property listed in either §522(b)(2) or (b)(3). Section 522(b)(2) incorporates by reference the property itemized in §522(d), unless "State law . . . specifically does not so authorize." Pennsylvania has not invoked the §522(b)(2) "opt out."

[2]    The dollar amount of the available exemption under §522(d)(1) is adjusted every three years. 11 U.S.C. §104(a). The most recent adjustment prior to the commencement of the Debtor's case raised the exemption to $20,200.00. See 72 Fed. Reg. 7082 (Feb. 7, 2007). The Debtor utilized $18,620.75 of the $20,200 exemption available to him under §522(d)(1). Effective April 1, 2010, the 522(d)(1) exemption was increased to $21,625.00. See 75 Fed. Reg. 8747 (Feb. 25, 2010). The new exemption amount does not apply in this case. See 11 U.S.C. §104(c).

[3]    In the Motion, the Debtor requested that GMAC's judicial lien be avoided in its entirety. In his Memorandum of Law, the Debtor conceded that the lien cannot be avoided to the extent of $11,605.66.

the Property from $1,901.14 to $18,620.75. On April 14, 2010, GMAC filed both the Objection, asserting that the Debtor's claimed exemption of his interest in the Property under 11 U.S.C. §522(d)(1) is legally invalid,[4] and its Memorandum of Law in opposition to the Motion.[5] (See Doc. #s 43 & 44). On April 21, 2010, the Debtor filed a Reply Memorandum of Law. (See Doc. # 47).

These matters are now ready for decision.

### III. FACTS

For purposes of deciding the Motion, the parties have stipulated to the following facts:

1. On April 27, 2009, GMAC entered a judgment against Gerald Coley in the amount of $869,427.97 in the Court of Common Pleas, Chester County under Docket No. 09-04775.

2. The aforesaid judgment was not against Mr. Coley's wife, Donna Coley.

3. The Property has a fair market value of $670,000.00.

4. The Property is subject to two mortgage liens, which have a combined balance due of $600,000.00.

---

[4] Although GMAC filed the Objection, it did not schedule a hearing on the Motion. Notwithstanding its failure to comply with the local rules, see L.B.R. 3007-1, 5070-1(a), GMAC's inaction is neither surprising nor unreasonable in light of the purely legal nature of the Objection, see Part V.A., infra, and the fact that the Objection was filed primarily as a defense against the Motion. See Fed. R. Bankr. P. 4003(d) (respondent may object to a §522(f) motion by challenging the validity of the exemption asserted to be impaired by the lien). In these circumstances, it is appropriate to resolve the Objection simultaneously with the Motion without any further notice or hearing.

[5] I note that while GMAC asserts that the claimed exemption is categorically invalid, see Part V.A, infra, it does not object to the court's consideration of the Debtor's post-hearing amendment and the increased amount of the claimed exemption in ruling on the Motion. In fact, in its alternative argument in opposition to the Motion, it incorporates the amount of the amended exemption. See Part IV., infra. Therefore, I will treat the amended claim of exemption as part of the record on the Motion.

5.  Both of the aforesaid mortgage liens were recorded before the entry of the aforementioned judgment and therefore, both mortgage liens have a higher priority over the GMAC judgment.

6.  The Property is jointly owned by Gerald Coley and his wife as tenants by the entireties.

7.  The Property is encumbered by unpaid property taxes totaling $9,547.17 as itemized below:

> (a) Chester County    $1,647.21
>
> (b) School District   $7,344.78
>
> (c) West Goshen Twp. $ 555.18

(See Joint Stipulation of Facts ¶7) (Doc. # 42-2).

## IV. THE PARTIES' CONTENTIONS

The Debtor seeks to avoid GMAC's judicial lien on the Debtor's interest in the Property[6] under 11 U.S.C. §522(f)(1). Section 522(f)(1) provides, in pertinent part:

> (f) (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
>> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523 (a)(5) . . . .

---

[6] The Debtor implicitly assumes, and GMAC does not question, that under applicable non-bankruptcy law, the entry of GMAC's judgment against the Debtor only (and not his spouse) created a lien on the Debtor's interest as a tenant by the entireties in the Property and that the lien is avoidable under 11 U.S.C. §522(f). The Debtor's assumption is correct. See In re Hope, 77 B.R. 470, 471-76 (Bankr. E.D. Pa. 1987); accord In re Collins, 2007 WL 1074873 (Bankr. E.D. Pa. Apr. 5, 2007); In re Wansor, 346 B.R. 147, 150 (Bankr. W.D. Pa. 2006). For a general summary of the principles of tenancy by the entireties in Pennsylvania, see, e.g., In re Brannon, 476 F.3d 170, 173-74 (3d Cir. 2007).

-4-

GMAC contends that the Debtor's claimed exemption in the Property is invalid and therefore, its lien does not impair an exemption. Alternatively, GMAC concedes that its lien can be avoided, but only in part. The Debtor acknowledges the lien cannot be avoided entirely. However, the parties disagree on the extent to which the lien should be avoided. Their disagreement regarding the extent of the potential lien avoidance arises from the different ways each applies the statutory formula for determining whether a lien "impairs" an exemption a property interest held as a tenant by the entireties under 11 U.S.C. §522(f)(2)(A).

Section 522(f)(2)(A) provides:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
>> (i) the lien;
>>
>> (ii) all other liens on the property; and
>>
>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The Debtor asserts that the proper application of the §522(f)(2)(A) calculation compels the determination that all but $11,605.66 of GMAC's $869,427.97 judicial lien is avoidable. Because the Debtor's interest in the property is an undivided one-half interest, in applying the statutory formula, the Debtor halves the amount of the "other liens on the property" under §522(f)(2)(A)(ii) and the amount of "the Debtor's interest in the Property."

The Debtor's calculation is set forth below:

-5-

| | | |
|---|---:|---|
| the lien to be avoided | $ 869,427.97 | §522(f)(2)(A)(i) |
| ½ the amount of all other liens on the Property | + $ 304,773.59 | §522(f)(2)(A)(ii) |
| the exemption claimed | + $ 18,620.75 | §522(f)(2)(A)(iii) |
| SUM PER §522(f)(2)(A) | $ 1,192,822.31 | |
| minus Debtor's interest in the Property | ($ 335,000.00) | |
| LIENS AND EXEMPTION LESS DEBTOR'S INTEREST IN PROPERTY | $ 857,822.31 | |

The Debtor completes his analysis by determining whether the sum calculated above ($857,822.31) exceeds the GMAC judgment ($869,427.97). It does not. Instead, the amount of the GMAC judgment lien exceeds the sum calculated under §522(f)(2)(A) by $11,605.66. Consequently, the Debtor asserts that GMAC's judgment impairs his exemption except to the extent of $11,605.66.

GMAC's application of §522(f)(2)(A) differs from the Debtor's in two ways. First, GMAC does not halve any of the values in its calculation under §522(f)(2)(A). Second, GMAC does not include the real estate taxes as part of the "other liens on the property" under §522(f)(2)(A)(ii).

GMAC's calculation is set forth below:

| | | |
|---|---|---|
| the lien to be avoided | $ 869,427.97 | §522(f)(2)(A)(i) |
| Value of mortgages with priority over GMAC's lien | + $ 600,000.00 | §522(f)(2)(A)(ii) |
| the exemption claimed | + <u>$18,620.75</u> | §522(f)(2)(A)(iii) |
| SUM PER §522(f)(2)(A) | $ 1,488,048.72 | |
| minus Value of Real Property | <u>($ 670,000.00)</u> | |
| LIENS AND EXEMPTION LESS DEBTOR'S INTEREST IN PROPERTY | $ 818,048.72 | |

GMAC completes its analysis using the same methodology as the Debtor. The difference is that in GMAC's calculation, the judgment lien amount ($869,427.97) exceeds the sum calculated under the §522(f)(2)(A) ($818,048.72) by a greater amount ($51,379.25). Therefore, GMAC asserts that its lien may be avoided under §522(f) except to the extent of $51,379.25.

## V. DISCUSSION

### A.

As a threshold matter, I consider GMAC's argument, set forth in both the Objection and its Memorandum of Law in opposition to the Motion, that the Debtor's claimed exemption under 11 U.S.C. §522(d)(1) in his interest in the jointly owned Property is invalid as a matter of law. GMAC argues that the Debtor "cannot rely on the federal exemptions to exempt the Property held as tenants by the entirety, which is a creation of state law." (GMAC Memorandum of Law at 1). GMAC reasons that because property owned as tenants by the entireties is exempt from attachment by a creditor of one spouse under Pennsylvania law, the Debtor's interest in the

Property "is not part of the estate and therefore cannot be exempted." Id. at 2 (unpaginated) GMAC then theorizes that if the Debtor's property interest cannot be exempted under 11 U.S.C. §522(b), its lien cannot be avoided under §522(f).

This argument is without merit.

11 U.S.C. §541(a)(1) provides that the bankruptcy estate

> is comprised of all of the following property, wherever located and whomever held . . . (1) [with exceptions not pertinent here] all legal or equitable interests of the debtor in property as of commencement of the case.

The Court of Appeals has held, unequivocally, that "§541(a)(1) is 'broad enough to include an individual debtor's interest in property held as a tenant by the entirety.'" Brannon, 476 F.3d at 174 (quoting Napotnik v. Equibank & Parkvale Savings Ass'n, 679 F.2d 316, 318 (3d Cir. 1982)). In Napotnick, the court stated, "it is . . . clear that by allowing an individual debtor to exempt certain interests as a tenant by the entirety, Congress intended that such interests be included in the estate in the first place." 679 F.2d at 318.

In Brannon, the court also pointed out that:

> The Bankruptcy Code provides two alternative plans of exemption. Under § 522(b)(2), a debtor may elect the specific federal exemptions listed in § 522(d) ("federal exemptions") or, under § 522(b)(3), may choose the exemptions permitted, inter alia, under state law and general (nonbankruptcy) federal law ("general exemptions").
>
> Debtors may select either alternative, unless a state has "opted out" of the federal exemptions category. Pennsylvania has not done so and thus debtors are entitled to claim exemptions under either the general or federal methods.

Id. (emphasis added) (citations and footnotes omitted).

It follows from the unequivocal statements of the Napotnick and Brannon courts quoted above that a debtor's property interest as a tenant by the entireties is part of the bankruptcy estate

-8-

and that it may be exempted under 11 U.S.C. §522(d)(1). See In re Rambo, 297 B.R. 418, 434-35 (Bankr. E.D. Pa. 2003) (treating debtor's exemption of interest as tenant by the entireties under §522(d)(1) as valid for purposes of analyzing preference claim under 11 U.S.C. §547).

## B.

Next, I consider whether the real estate taxes of $9,547.17 should be included in the calculation as a component of the "other liens" pursuant to 11 U.S.C. §522(f)(2)(A)(ii). GMAC presents two arguments to justify the exclusion of the real estate tax liens of $9,547.17 from its calculation. GMAC states that in the Joint Stipulation of Facts, it did not concede that the tax claims are liens against the property. GMAC also contends that even if the real estate taxes are liens, they should not be included in the calculation because GMAC did not concede that the liens have priority over the judgment lien.

Both arguments are without merit.

First, GMAC's failure concede or stipulate to the lien status of the real estate taxes does not alter their legal status under applicable non-bankruptcy law as first priority liens against the Property. See In re Scott-Gage, 2008 WL 724769 (Bankr. E.D.Pa. Mar. 17, 2008) ("Unpaid real estate tax liens are a legitimate concern to mortgagees, because these liens are a first priority under Pennsylvania law.") (citing 53 P.S. § 7102 and 2 Ladner on Conveyancing in Pennsylvania § 12.09(d) (4th ed. rev.1979)).

Second, the priority of the "other liens" under §522(f)(2)(A)(ii) is irrelevant. Whether prior or not, such liens are included in the calculation under §522(f)(2)(A)(ii). See, e.g., In re Bistrain, 1996 WL 278771, at *2-3 (Bankr. E.D. Pa. May 22, 1996) (collecting authorities). But

see In re Simonette, 135 B.R. 497, 498 (Bankr. W.D. Pa. 1992).

The real estate tax liens total $9,547.17. Once this amount is added to $600,000.00 in "other liens" in GMAC's calculation, the "sum" GMAC calculated pursuant to §522(f)(2)(A) increases by $9,547.17 and the amount by which the GMAC judgment lien exceeds that calculated "sum" decreases by $9,547.17. Thus, if GMAC's methodology otherwise were correct, the amount of its lien that should not be avoided is $41,832.08, not $51,379.25. However, as explained next, it is not.

## C.

Finally, I address whether any of the values in §522(f)(2)(A) need to be cut in half, as the Debtor contends, due to the nature of the Debtor's interest in the Property – that of a tenant by the entirety who owns an undivided one half interest in the Property. The answer is found in In re Miller, 299 F.3d 183 (3d Cir. 2002), a case involving a §522(f) lien avoidance motion filed by a debtor who owned the subject property as a joint tenant with the right of survivorship. Miller is controlling precedent and instructs that the Debtor's contention is correct.[7]

In Miller, the Court of Appeals considered the question of how to value a property owned by a debtor as a joint tenant for purposes of 11 U.S.C. §§522(f)(1), (2). Eschewing what it considered to be an "illogical result" if the terms of §522(f)(2)(A) were applied "literally," the

---

[7] This case involves a property owned by the Debtor as a tenant by the entireties while Miller involved a property owned in a joint tenancy with right of survivorship. There are some differences between the two estates under Pennsylvania law. See, e.g., Frederick v. Southwick, 67 A.2d 801, 805 (Pa. Super. Ct. 1949) However, the differences are immaterial for purposes 11 U.S.C. §522(f). See id. (describing a tenancy by the entirety as essentially a form of joint tenancy, modified by the common-law theory that husband and wife are one person).

court held:

> [T]he correct approach is to view the debtor as owning one half of the property to which one half of the mortgage debt is thus attributable and therefore to regard "property" in subsection (ii) [of §522(f)(2)(A)] to mean the debtor's interest in the property and then to allocate the lien among the interests in the property proportionately.

299 F.3d at 186.

In effect, the <u>Miller</u> court held that in cases involving a debtor's interest as a joint tenant, determining whether a lien impairs the exemption requires a three step analysis:

(1) The total "equity" in the property is determined by subtracting the amount of the non-avoidable liens from the property's fair market value without regard to either the joint ownership and the judicial lien that the debtor seeks to avoid;

(2) The total equity is divided in half to reflect the debtor's undivided one-half interest; and

(3) The debtor's equity, as calculated above, is compared to the claimed exemption. If the exemption exceeds the equity, the judicial lien at issue should be avoided in its entirety. To the extent that the debtor's equity exceeds the exemption, the judicial lien should not be avoided.[8]

Set forth below is the §522(f)(2)(A) calculation that is consistent with <u>Miller</u>:

---

[8] This methodology described in the text is not found in the text of §522(f)(2)(A), but it is a way of conceptualizing impairment that yields the same result as the mechanical definition set forth in the statute. The following passage in <u>Miller</u> demonstrates that this "alternative" formulation is what the court had in mind in §522(f) cases involving property owned by a debtor as a joint tenant:

> Miller's calculations, however, do not take into account with respect to the amount of "all other liens on the property" the circumstance that he owns the residence jointly with Pierce so that the mortgage encumbers both joint tenants' interests in the property, not merely Miller's. In fact, the value of the entire property, $100,000.00, less the amount of the mortgage debt, $74,703.92, leaves $25,296.08 in equity. Thus, as a co-owner, Miller's share of the equity is $12,648.04. Subtracting Miller's $8,075.00 exemption from his share of the equity leaves a surplus of $4,573.04 to which the judgment lien may attach.

<u>Miller</u>, 299 F.3d at 185-86.

| | |
|---|---|
| **total value of the Property** | $ 670,000.00 |
| **minus all other liens on the Property** | ($ 609,547.17) |
| **total equity in the Property** | $ 60,452.83 |
| **½ of total equity = Debtor's equity** | $ 30,226.42 |
| **minus (exemption claimed by Debtor)** | ($ 18,620.75) |
| **Non-exempt value of Debtor's interest in the Property** | $ 11,605.67 |

## VI.

The Debtor has claimed a valid exemption of $18,620.75 in his interest as a tenant by the entirety in the Property. As mandated by Miller, GMAC's judicial lien is avoidable under 11 U.S.C. §522(f), except to the extent of $11,605.67.

An order consistent with this Memorandum is being entered.

Date: September 22, 2010

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE